# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRACTIONAL VILLAS, INC., a California Corporation,<br><br>　　　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>PEPPER Q. RODGERS, an individual; NORTH CAROLINA FRACTIONALS, an unknown entity; CHRISTOPHER FRISCO, an individual; PIED PIXEL DESIGN, an unknown entity; DOES 1-25,<br><br>　　　　　　　　　　　　　　Defendant. | CASE NO. 08cv1347 - IEG - BLM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>[Doc. No. 19] |

On July 25, 2008, Plaintiff filed its complaint, alleging copyright infringement, federal unfair competition violations, and California unfair competition violations. (Doc. No. 1.) The Clerk of Court entered default and, on December 24, 2008, the Court granted Default Judgment against Defendants in the amount of $150,000 plus attorneys' fees. On February 23, 2009, Plaintiff filed its Motion for Attorneys' Fees and Costs. (Doc. No. 19.) Having considered Plaintiff's submissions, and for the reasons set forth below, the Court GRANTS Plaintiff's motion.

## LEGAL STANDARD

Under the Copyright Act, "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs . . . . the court may also award a reasonable attorney's fee to the prevailing part as part of the costs." 17 U.S.C. § 505. When deciding whether to award attorneys'

1  fees, the Court may consider the following nonexclusive factors: "(1) the degree of success obtained,
2  (2) frivolousness, (3) motivation, (4) objective unreasonableness (legal and factual), and (5) the need
3  to advance considerations of compensation and deterrence." Smith v. Jackson, 84 F.3d 1213, 1221
4  (9th Cir. 1996) (citations omitted). "Although a finding of willfulness is not a prerequisite to a fee
5  award under the Copyright Act, 'willful infringement is an important factor favoring an award of fees
6  . . . .'" Brighton Collectibles, Inc. v. Coldwater Creek, Inc., 2009 WL 160235 at *3 (S.D. Cal. Jan. 20,
7  2009) (quoting Historical Research v. Cabral, 80 F.3d 377, 379 (9th Cir.1996)).

8  Once a party shows entitlement to attorney's fees, the Court calculates the attorneys' fees
9  award using a two-step process. "To determine what fee should be awarded, the court must first
10 determine the 'lodestar,' which is the number of hours reasonably expended on litigation multiplied
11 by a reasonable rate." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 406 (9th Cir.
12 1990). Five factors bear on the Court's determination of the reasonable hours and reasonable rate:
13 "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the
14 quality of representation; (4) the results obtained; and (5) the contingent nature of the fee agreement."
15 Morales v. City of San Rafael, 96 F.3d 359, 364 (9th Cir.1996). The Court then adjusts the lodestar
16 amount based on "other considerations." Lytle v. Carl, 382 F.3d 978, 988 (9th Cir. 2004).

17 **DISCUSSION**

18 The Court previously determined Plaintiff was entitled to attorneys' fees; therefore, the sole
19 issue is the amount of the attorneys' fees award. Plaintiff requests $8,709.00 for attorneys' fees and
20 $1,646.34 for costs. To assess reasonableness of the fees, the Court employs the lodestar analysis.

21 Plaintiff must demonstrate the 31.8 hours it expended on the case were reasonable. The time
22 spent was appropriate because the issues involved were not overly novel or complex. Further, the
23 special skill and experience of counsel and quality of representation enabled a speedy resolution.
24 Additionally, counsel obtained strong results in a limited amount of time: the Court awarded both
25 statutory damages and injunctive relief. Finally, Counsel provided legal services under a contingency
26 fee agreement. Weighing these factors, the Court finds 31.8 hours was a reasonable expenditure of
27 hours. Having submitted no contrary evidence, Defendants have not carried their burden of rebuttal,
28 which "requires submission of evidence . . . challenging the accuracy and reasonableness of the hours

1 charged." <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1397 (9th Cir.1992).

2 Plaintiff must also submit evidence the rate sought is reasonable. "The prevailing market rate is indicative of a reasonable hourly rate." <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1262 (9th Cir.1987). Plaintiff seeks hourly fees ranging from $225 to $285 for attorney work and $95 for paralegal work. In <u>Brighton Collectibles</u>, the court approved a fee ranging from $90 to $210 per hour for paralegal work and $125 to $625 per hour for attorney work. 2009 WL 160235 at *4. In light of the skill and experience of counsel, the quality of the representation, and the results obtained, the Court concludes the requested rates are reasonable.

Adjustment of the lodestar is unnecessary. "A 'strong presumption' exists that the lodestar figure represents a 'reasonable fee,' and therefore, it should only be enhanced or reduced in 'rare and exceptional cases.'" <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (quoting <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565 (1986)). Finding no rare or exceptional circumstance, the Court declines to adjust the lodestar figure.

Finally, after reviewing Plaintiff's bill of costs, the Court finds the costs are reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiff is entitled to an additional $10,355.34 – representing $8,709.00 for attorney's fees and $1,646.34 for costs.

**IT IS SO ORDERED.**

**DATED: April 30, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**